**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>        Plaintiff, <br><br>     v. <br><br><br> ANHEUSER-BUSCH InBEV, and <br> SABMILLER plc, <br><br>        Defendants. | Civil Action No. 1:16-cv-01483 (EGS) |
| INTERNATIONAL BROTHERHOOD <br> OF TEAMSTERS <br> 25 Louisiana Ave., NW <br> Washington, D.C.  20001, <br><br>        Amicus Curiae. | |

**UNOPPOSED MOTION OF INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS FOR LEAVE TO FILE *AMICUS CURIAE* IN REPLY**
**TO RESPONSE OF PLAINTIFF UNITED STATES TO PUBLIC**
**COMMENTS ON THE PROPOSED FINAL JUDGMENT**

The International Brotherhood of Teamsters (hereinafter "IBT" or "Teamsters")
respectfully moves this Court for leave to file a brief as amicus curiae for the limited purpose of
replying to the Response of Plaintiff United States to Public Comments on the Proposed Final
Judgment (hereinafter "Response").  The proposed amicus curiae brief of the IBT is lodged as an
attachment to this motion.  The Tunney Act expressly provides that the Court, in making its
public interest determination, may

authorize full or limited participation in proceedings before the court by
interested persons or agencies, including appearance amicus curiae, intervention
as a party pursuant to the Federal Rules of Civil Procedure, examination of
witnesses or documentary materials, or participation in any other manner and
extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). IBT submitted public comments in this proceeding pursuant to 15 U.S.C. §

16(d) outlining certain deficiencies in the Proposed Final Judgment. Having reviewed DOJ's

Response to public comments, IBT continues to believe that the behavioral remedy obtained by

DOJ is inadequate, under the Tunney Act's public interest standard, because it fails to effectively

open the market to competition and prevent the recurrence of anticompetitive conduct. In this

case, DOJ has alleged that there has been anticompetitive price coordination between Anheuser-

Busch InBev (hereinafter "ABI") and MillerCoors in the United States, and has stated that the

merger and sale of SABMiller's stake in MillerCoors would increase the risk of further

coordination between these competitors, but has accepted a behavioral remedy that does not

address this competitive problem. The proposed amicus brief would be appropriate and helpful

because it responds to particular points raised by the government's Response and explains why the

government continues to provide an inadequate basis for this Court to find that the settlement is in

the public interest.

In compliance with Local Civil Rule 7(m), counsel for IBT has contacted counsel for

the United States and ABI for consent to this motion. Counsel for the United States has given

consent on behalf of the government. Counsel for ABI has stated that the company does not object.

As ABI has now completed its acquisition of SABMiller, the consent of SABMiller's counsel is not

required. Counsel for IBT nonetheless alerted counsel for SABMiller by email on January 25, 2016

that the motion would be filed and requested consent but received no response. Accordingly, IBT

files this unopposed motion for leave to file its views as amicus curiae.

## INTEREST OF AMICUS CURIAE

The International Brotherhood of Teamsters represents the interests of approximately 1.4 million members under 21 Industrial Divisions.  IBT's Brewery & Soft Drink Conference represents approximately 15,000 members working in the U.S. beer industry, including brewery workers at Anheuser-Busch and MillerCoors breweries, workers employed in beer distribution, and workers at canning and bottling facilities.

IBT's interest in this matter arose when MillerCoors announced a decision to close one of its most profitable, efficient and modernized breweries at a time when (as is now clear) active merger discussions were taking place between ABI and SABMiller.  The brewery, in Eden, North Carolina, was responsible for approximately 12.5% of MillerCoors' U.S. brewing capacity, had won multiple recent awards for its productive efficiency, and was a union facility. IBT recognizes that job losses – even at union facilities – at times accompany mergers. However, in this case, the central issue is not job losses, although that is obviously an IBT concern.  Nor is the issue whether the decision to close the brewery and not sell it to an independent third party was anticompetitive, although there is evidence that the decision was both anticompetitive and intended to keep the brewery from becoming a productive asset in another brewer's hands.  Rather, the central issue for this Court is whether the behavioral remedy DOJ obtained – imposing certain restrictions on ABI's distribution practices and ownership of distributors – is even minimally adequate to put a stop to, and prevent the recurrence of, coordinated conduct that DOJ itself has alleged, both in this proceeding and in an earlier complaint.

# ARGUMENT

An amicus curiae "does not represent the parties but participates only for the benefit of the Court." *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (quoting *United States v. Microsoft Corp*., No. Civ. A. 98- 1232 (CKK), 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)).  "District courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (citation and internal quotation omitted).  "[I]t is solely within the Court's discretion to determine 'the fact, extent, and manner' of participation by the amicus." *Hard Drive*, 892 F. Supp. at 337(quoting *Microsoft*, 2002 WL 319366, at *2). Among other reasons, "[a]micus participation is normally appropriate . . . 'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* (quoting *Jin*, 557 F. Supp. 2d at 137 (internal citation omitted)).

In Tunney Act proceedings, courts in this district have frequently granted requests to participate as amicus curiae to reply to the government's response to public comments.  This is because such replies may be useful to the Court's public interest determination required by 15 U.S.C. § 16(e).  *See, e.g.*, *United States v. Republic Servs., Inc.*, 723 F. Supp. 2d 157, 159 (D.D.C. 2010) (commenter granted leave to participate as amicus curiae after motion for entry of proposed final judgment); *United States v. Abitibi-Consolidated Inc.*, 584 F. Supp. 2d 162, 163 & n.1 (D.D.C. 2008) (amicus permitted to oppose entry of final judgment); *United States v. SBC Commc'ns., Inc.*, 489 F. Supp. 2d 1, 8-9 (D.D.C. 2007) (multiple amici permitted to oppose entry of final judgment); *United States v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 26547, at *11 (D.D.C. Mar. 4, 2002) (Kollar-Kotelly, J.) ("Because such a [reply] may be of use to the Court, the Court will permit [commenter] to participate in a limited capacity as amicus curiae."); *United*

*States v. Thomson Corp.*, 1996 U.S. Dist. LEXIS 14819, at *7 (D.D.C. Sept. 25, 1996) (limited participation as amicus curiae to reply to government's response "could be helpful in assisting the Court with its public interest determination by providing useful information about the potential effects of the consent decree on consumers").

Here, granting amicus status to IBT to reply to the government's Response is particularly appropriate and helpful. This Court has recognized that "[a]micus participation is normally appropriate when . . . 'a party is not represented competently or is not represented at all[.]'" *Hard Drive*, 892 F. Supp. at 337 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)); *Jin*, 557 F. Supp. 2d at 137; *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). Moreover, it is a "fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.).

Importantly, the government and the parties are now allies in seeking the Court's approval of the Proposed Final Judgment. IBT's interests therefore are not represented at all, and there are no parties in the litigation who would otherwise test the sufficiency of the government's Response against the deficiencies in the Proposed Final Judgment identified by IBT. Permitting IBT to file the attached brief in reply to the government's Response also would assist the Court by sharpening the issues before the Court in making its public interest determination. Without leave to participate as amicus curiae, IBT will have no opportunity to address the Court regarding the arguments made in the government's Response. *See Microsoft*, 2002 U.S. Dist. LEXIS 26547, at *11 (granting leave where putative amicus argued it would not have a similar opportunity to reply). With leave to participate as amicus curiae, however, IBT

will be able to respond to the government's arguments and articulate the reasons they fail to adequately address the concerns raised by IBT.

Finally, the proposed amicus brief does not "repeat arguments and assertions detailed in" IBT's comments, which is unlikely to be of great assistance to the Court. *Microsoft*, 2002 U.S. Dist. LEXIS 26547, at *11-12 (emphasis omitted).  While the amicus brief necessarily (and briefly) explains IBT's arguments in order to address the government's Response in context, its primary focus is on how the government's Response falls short in addressing those arguments, a typical role for a reply brief.

## REQUEST FOR RELIEF

IBT respectfully requests that the Court grant it leave to file the accompanying amicus curiae brief to reply to the government's Response and that the lodged brief be filed.

Dated: February 6, 2017

Respectfully submitted,

INTERNATIONAL BROTHERHOOD OF TEAMSTERS

/s/ Allen P. Grunes

Allen P. Grunes
D.C. Bar No. 989298
Maurice E. Stucke
D.C. Bar No. 1028778
THE KONKURRENZ GROUP
5335 Wisconsin Ave., NW
Suite 440
Washington, D.C. 20015
Tel. (202) 644-9760
Fax (202) 888-7522
allengrunes@konkurrenzgroup.com

*Attorneys for Proposed Amicus Curiae*
*INTERNATIONAL BROTHERHOOD OF TEAMSTERS*