**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|           v. | )  Civil Action No. 1:16-cv-01483 (EGS) |
| | ) |
| ANHEUSER-BUSCH InBEV and | ) |
| | ) |
| SABMILLER plc, | ) |
| | ) |
|     Defendants, | ) |
| | ) |
| D.G. Yuengling & Son, Inc., | ) |
|     310 Mill Creek Avenue | ) |
|     Pottsville, PA  17901 | ) |
|     Applicant-*Amicus* | ) |
| | ) |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF YUENGLING'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF PURSUANT TO THE TUNNEY ACT AND IN OPPOSITION TO THE UNITED STATES' MOTION FOR ENTRY OF FINAL JUDGMENT**

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................................... ii

COMPLIANCE WITH L. CIV. R. 7(o)(2) .............................................................................................. 1

INTRODUCTION ................................................................................................................................... 2

ARGUMENT .......................................................................................................................................... 2

I.      Yuengling Should be Permitted to Participate as *Amicus Curiae* ................................................ 2

II.     The Proposed Final Judgment Fails to Adequately Address the Ability of ABI to Interfere with
Yuengling's Use of Independent Distributors. ............................................................................. 3

CONCLUSION ....................................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>FEDERAL CASES</u>

*United States v. Airline Tariff Pub'g Co.,*
    *1993 WL 95486 (D.D.C. 1983)* .................................................................................2

*United States v. Microsoft,*
    56 F.3d 1448 (D.C. Cir. 1995) ..................................................................................6

*United States v. SBC Communications, Inc.,*
    489 F. Supp. 2d 1 (D.D.C. 2007) .........................................................................3, 5

### <u>FEDERAL STATUTES</u>

15 U.S.C. § 16 ...........................................................................................................3, 4, 5, 7

15 U.S.C. § 16(f)(3) .........................................................................................................2

### <u>TREATISE</u>

Richard A. Posner, Antitrust Law 30 (2d ed. 2001) .......................................................5

### <u>RULES</u>

F.R.Civ.P. 24.....................................................................................................................2

L.Cv.R. 7(o) ......................................................................................................................2

## COMPLIANCE WITH L. CIV. R. 7(o)(2)

1.      D.G. Yuengling & Son, Inc. ("Yuengling"), America's oldest domestically-owned brewery and largest domestic producer of craft beers, seeks to file an *amicus curiae* which objects to the Final Judgment in this action proposed by the United States Department of Justice. Yuengling believes the proposed Final Judgment does not adequately protect the public from anti-competitive practices by the defendants in the distribution of beer products.  Yuengling, a competitor to defendant Anheuser-Busch InBEV's ("ABI") , is directly affected by the anti-competitive practices of ABI and can provide the Court with changes to the Final Judgment which will address defendant ABI anti-competitive practice of compelling their respective distributors to sell exclusively their products.

2.      Unlike the parties to the action or any of the other *amici,* who have commented upon the consent decree, Yuengling, who directly competes with ABI's core brands on price, is in the best position to address the anti-competitive impact that defendant ABI's control of wholesalers has on the public.  Yuengling's entry into the market in Mississippi has been impeded by ABI through its control of wholesalers.  As a result, Yuengling is uniquely positioned to provide insightful, relevant facts to the Court which will help shape the final relief to best protect the public interest.

3.      The resolution of this case should only occur when the public's interest is protected by addressing the anti-competitive practices of ABI that respond to wholesaler exclusivity.

4.      Yuengling's intervention will be adverse to the interests of ABI.

## INTRODUCTION

Pursuant to 15 U.S.C. § 16(f)(3) of the Tunney Act and Rule 24 of the Federal Rules of Civil Procedure and L.Civ.R. 7(o), D.G. Yuengling & Son, Inc. (Yuengling") requests leave to file an *amicus curiae* brief in this proceeding for the purposes of opposing the Motion by the Department of Justice ("DOJ") for Entry of Final Judgment.  As America's Oldest Brewery, and recognized as the largest American owned brewery and the largest craft brewery in the United States, Yuengling is in a unique position to explain to the Court the shortcomings in the proposed Final Judgment.

The Complaint in this matter alleges, correctly, that Anheuser-Busch InBev ("ABI"), as the largest U.S. brewer, uses a variety of practices and contractual provisions to promote exclusivity from distributors that sell ABI beer.[1]  It further alleges, again correctly, that ABI currently encourages ABI-Affiliated Wholesalers to limit their sales of the beers of ABI's high-end rivals through the Equity Agreement and ABI's incentive programs.[2]   Yet the proposed Final Judgment addresses distribution issues only slightly, as if taking steps to prevent the situation from getting worse is a sufficient remedy.

## ARGUMENT

### I.      Yuengling Should be Permitted to Participate as *Amicus Curiae*

Yuengling's participation as *amicus curiae* will substantially aid this Court in its understanding of the issues that are raised by the proposed Final Judgment.  Such participation is expressly authorized by the Tunney Act, 15 U.S.C. § 16(f)(3), and leave of Court should be granted where such participation could serve a useful purpose in assisting the Court with its public interest determination.  *United States v. Airline Tariff Pub'g Co., 1993 WL 95486 at \*1 (D.D.C.*

---

[1] Complaint at ¶ 8.

[2] Complaint at ¶46.

*1983).*  This Court has previously allowed substantial participation by amici in order to ensure an adequate record that would allow the Court to make the public interest determination required by the Tunney Act.  *United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1, 9 (D.D.C. 2007).

Headquartered in Pottsville, Pennsylvania, Yuengling sells its portfolio of brands to over one hundred and eighty wholesalers in a footprint that spans nineteen states and the District of Columbia.  Its success in the marketplace depends entirely on the so-called middle-tier of independent distribution.  Yuengling, therefore, brings a unique perspective to this Court.

Yuengling's request is timely.  Yuengling submitted comments to DOJ's Proposed Final Judgment in a timely manner.  See Exh 1. attached hereto.  DOJ's motion was filed January 13, 2017, and this motion has been filed prior to the resolution of DOJ's motion.

## II.     **The Proposed Final Judgment Fails to Adequately Address the Ability of ABI to Interfere with Yuengling's Use of Independent Distributors.**

Yuengling does not ask the Court to reject the proposed settlement merely because the government has failed to address antitrust issues not raised in its complaint.  Rather, Yuengling asks the Court to consider what the proposed settlement will accomplish regarding the specific allegations in the Complaint regarding the ability of ABI to command exclusivity from distributors that sell ABI beer.

The answer is – not much.  Apparently excited with the agreed-to divestiture at the brewing level, DOJ did little to address the entirely separate issues alleged in the Complaint regarding distribution.

Yuengling's comments reviewed in great detail the havoc caused by the "match and redirect" clause in ABI's Equity Agreements in connection with Yuengling's attempt to begin selling its beer in Mississippi.[3]  Not having any good response to this horror story, DOJ simply

---

[3] Yuengling comments at 10-13.

ignores it.  Mississippi is not even mentioned in DOJ's response, even though it presented a stark example of how the Equity Agreements are exploited by ABI to disrupt the marketplace.  Again, this type of abuse is alleged in the Complaint, but overlooked in the proposed Final Judgment. This horror story has been reported to the independent monitor appointed as a result of the Consent Decree and Yuengling has not been advised on the institution of any claim or further investigation. What Yuengling has received is a complaint filed against it by one of the aggrieved parties affected by ABI's exercise of its "match and redirect" clause in the Mississippi story.  *See:* Exhibit 2 attached hereto.  There is no other conclusion that ABI's conduct disrupted distribution of a Third Party Brewer yet no response from DOJ or the Monitoring Trustee.  The attached Complaint, like Yuengling's initial response, provides a road map to uncover significant, unbridled anti-competitive behavior exhibited by ABI.  Yuengling is now faced with the additional disruption and costs of defending itself.  It will and it always has, but when will the laws of the United States be enforced to allow and promote a free marketplace?  If not at this moment in time, when?

As a further example, Section V(D)(5) of the proposed Final Judgment would prohibit ABI from preventing an Independent Distributor from using "best efforts" to sell, market, advertise, or promote any Third-Party Brewer's Beer.  While this sounds promising, it is completely gutted by the paragraph immediately following, which says that "[n]otwithstanding the foregoing, nothing in this Final Judgment shall prohibit Defendant ABI from entering into or enforcing an agreement with any Independent Distributor requiring the Independent Distributor to use best efforts to sell, market, advertise, or promote Defendant ABI's Beer…"

DOJ reports blithely that these provisions are not in conflict.  DOJ response at 18.  It apparently has no understanding of what a best efforts undertaking involves.  As the Honorable Judge Posner has observed, best efforts often goes hand in glove with exclusive dealing

arrangements, because "[e]xclusive dealing can promote efficiency by increasing the likelihood that a distributor will use his best efforts to promote the manufacturer's brand…"  Richard A. Posner, Antitrust Law 30 (2d ed. 2001).  The notion that an Independent Distributor would accept a best efforts duty to ABI and still be in a position to offer best efforts to Yuengling is preposterous.  Yuengling is left with hoping to get efforts that are "pretty good" or maybe "better," but certainly not "best."

Similarly, Section V(D)(5) of the proposed Final Judgment also allows ABI to insist that an Independent Distributor allocate to ABI's Beer a proportion of the Independent Distributor's annual spending on Beer promotions and incentives not to exceed the proportion of revenues that ABI's Beer constitutes in the Independent Distributor's overall revenue for Beer sales in the preceding year.  As an indication of how closely DOJ read Yuengling's comments, DOJ reports that "[t]hree commenters urged that Section V.D be revised to eliminate entirely ABI's ability to condition incentives, programs, or contractual terms on ABI's percentage of Beer industry sales in a geographic area."  In fact, Yuengling made the same point,[4] and it did so as an actual competitor in the marketplace, which none of the other three commenters cited by DOJ happened to be.

As the Court has previously held, Tunney Act review requires it first to consider how well the settlement remedies the harms alleged in the complaint, and second to review other factors relating to enforcement and other public interest considerations.  *U.S. v. SBC*, 489 F. Supp 2d. at 17.  As to the first topic for review, it is clear that even though the Complaint expressed concern about ABI's conduct relative to distributors, DOJ essentially tossed in the towel after getting its desired divestiture at the manufacturing level.  But that divestiture will do nothing to alleviate the situation faced by Yuengling, which must strive for attention from distributors who are

---

[4] Yuengling comments at 15.

independent in name only, and in reality wholly dependent on one or the other of the two industry giants.  The continued existence and expansion of branches only add more pressure to the marketplace to the advantage of ABI and MillerCoors and to the disadvantage of Third Party Breweries like Yuengling.

These concerns of Yuengling are not outside the confines of DOJ's Complaint.  As noted above, the Complaint included substantial allegations of ABI's abusive policies relative to its distributors.  Unfortunately, the government all too eagerly overlooked these, without giving careful consideration to the market structure it would create in the middle tier by leaving two behemoths at the top tier who are merged in foreign markets.  MillerCoors has already begun to follow ABI models and has drastically changed how it coops marketing expenses with its wholesalers.  The tinkering around the edges of the distribution markets does not alleviate the competitive harm clearly alleged in the Complaint.

As to the second prong of Tunney Act review, there is nothing in this record to assist the Court.  DOJ has offered no discussion of alternative remedies, and its provisions for enforcement of the provisions regarding distribution are left in the hands of an independent monitor.  The independent monitor has been advised of the Mississippi horror story and has taken no action so Yuengling submits this remedy provides no protection.  This alone establishes that the proposed consent decrees are not "within the reaches of the public interest".  *See: United States v. Microsoft,* 56 F.3d 1448, 1460 (D.C. Cir. 1995).

Accordingly, the Court should consider holding hearings on this matter to ensure the public interest is appropriately addressed, whether in the form of an amended Consent Decree or rejection of the proposed merger in its entirety.  At the very least, the Court should require DOJ to make a supplemental filing to explain in greater detail why it believes brewers such as Yuengling will not

be thwarted in their efforts to find capable, reliable distributors in a market where ABI's ability to promote exclusivity from its distributors, and limit their sales of ABI's rivals, has been forcefully alleged in the Complaint, but little changed by the proposed Final Judgment, not only in its text but its enforcement.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Yuengling's request for leave to file an *amicus curiae* brief and for such status pursuant to the Tunney Act for the purposes of opposing DOJ's Motion for Entry of Final Judgment.  The Court should further consider Yuengling's opposition to that Motion, and the Court should deny DOJ's Motion.  Further, Yuengling requests further proceedings, including without limitation, a hearing be held to consider the issues presented in this matter.

Dated:  April 17, 2017                                      By:___*/s/ Edward G. Sponzilli*_____
                                                                           Edward G. Sponzilli (Bar No. 268409)
                                                                           Norris, McLaughlin & Marcus, P.A.
                                                                           400 Crossing Blvd, 8th Floor
                                                                           Bridgewater, NJ 08807
                                                                           908-722-0700 (phone)
                                                                           908-722-0755 (facsimile)
                                                                           egsponzilli@nmmlaw.com

                                                                           *Attorneys for D.G. Yuengling & Son, Inc.*