# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH InBEV and<br><br>SABMILLER plc,<br><br>Defendants,<br><br>D.G. Yuengling & Son, Inc.,<br>   310 Mill Creek Avenue<br>   Pottsville, PA  17901<br>   Applicant-*Amicus* | Civil Action No. 1:16-cv-01483 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF YUENGLING'S MOTION FOR LEAVE TO FILE THIS SUPPLEMENTAL *AMICUS CURIAE* BRIEF PURSUANT TO THE TUNNEY ACT AND IN OPPOSITION TO THE UNITED STATES' AND ABI'S JOINT MOTION FOR ENTRY OF MODIFIED PROPOSED FINAL JUDGMENT**

9546953_1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................**Error! Bookmark not defined.**

COMPLIANCE WITH L. CIV. R. 7(o)(2) ................................................................................. 1

INTRODUCTION .......................................................................................................................... 2

ARGUMENT .................................................................................................................................. 2

    I.     Yuengling Should be Permitted to File a Supplemental Brief as Amicus Curiae .............. 2

    II.    The Modified Proposed Final Judgment Would Permit All Provisions Related to Distribution to Expire in Slightly More than 3 Years ........................................................... 3

    III.   The Assertion of an "Extensive Investigation" Is Baseless ............................................... 4

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*United States v. SBC Communications, Inc.*,
  489 F. Supp. 2d 1 (D.D.C. 2007) ................................................................................5

### STATE CASES

*United States of America v. AT&T Inc. et al*,
  CA No. 1:17-cv-02511 (RJL) .................................................................................3, 4

### FEDERAL STATUTES

15 U.S.C. § 16(f)(3) .............................................................................................................2

### RULES

Fed R. Civ. P. 24 ..................................................................................................................2

L. Civ. R. 7(o) .....................................................................................................................2

L. Civ. R. 7(o)(2) .................................................................................................................1

### OTHER AUTHORITIES

Steven C. Salop, *Invigorating Vertical Merger Enforcement*, 127 YALE L.J.
  (forthcoming 2018) .....................................................................................................3

Thomas G. Krattenmaker & Steven C. Salop, *Anticompetitive Exclusion: Raising
  Rivals' Costs to Achieve Power over Price*, 96 YALE L.J. 209 (1986) ......................4

## COMPLIANCE WITH L. CIV. R. 7(o)(2)

1. D.G. Yuengling & Son, Inc. ("Yuengling"), America's oldest domestically-owned brewery and largest domestic producer of craft beers, previously filed as an *amicus curiae* to object to the Proposed Final Judgment in this action proposed jointly by the United States Department of Justice ("DOJ") and Anheuser-Busch InBev ("ABI"). Yuengling now seeks leave to file a supplemental brief because, rather than responding constructively to the comments of Yuengling and other *amici,* DOJ has proposed a new Modified Proposed Final Judgment that has an even greater deleterious impact on competition. Not only does the proposed Final Judgment fail to adequately protect the market from anti-competitive practices by the defendants in the distribution of beer products, it also could expire in 2021 for reasons completely unrelated to ABI's dominance of distributors. Yuengling, a competitor to defendant, is directly affected by the anti-competitive practices of ABI and continues to urge the Court to reject the Modified Proposed Final Judgment, which fails to address defendant ABI's anti-competitive practices of effectively compelling its distributors to sell competitive products solely as a minor sideline business.

2. The resolution of this case should only occur when the public's interest is protected by addressing the anti-competitive practices of ABI that encourage wholesaler exclusivity.

3. Yuengling has consulted with the parties in this litigation to determine whether they consent to granting Yuengling *amicus curiae* status as it pertains to the pending Joint Motion for Entry of Modified Proposed Final Judgment. Counsel for the United States represents that the United States consents to Yuengling's request for *amicus curiae* status. Counsel for ANHEUSER-BUSCH InBEV and SABMILLER have represented that they do not consent to Yuengling's request for *amicus curiae* status as it pertains to the Joint Motion for Entry of Modified Proposed Final Judgment.

4. Yuengling has no parent company and no publicly held corporation owns 10 percent or more of the shares of Yuengling.

**INTRODUCTION**

Pursuant to 15 U.S.C. § 16(f)(3) of the Tunney Act and Rule 24 of the Federal Rules of Civil Procedure and L.Civ.R. 7(o), D.G. Yuengling & Son, Inc. ("Yuengling") requests leave to file a supplemental *amicus curiae* brief in this proceeding for the purposes of opposing the Joint Motion by the Department of Justice ("DOJ") and Anheuser-Busch InBev ("ABI") for Entry of a Modified Final Judgment.  As America's Oldest Brewery, and recognized as the largest American owned brewery and the largest craft brewery in the United States, Yuengling is in a unique position to explain to the Court the shortcomings in the proposed Modified Proposed Final Judgment.

Yuengling also seeks to respond to the extraordinary assertion in DOJ's response to the various Amici Curiae that it undertook an "extensive investigation" of the anticompetitive behavior undertaken by ABI with respect to Yuengling's attempt to enter the market in Mississippi.  As best as Yuengling can tell, this "extensive investigation" consisted of one phone conference with Yuengling in December 2015, two separate phone calls with Yuengling and the affected independent distributor Rex in September 2016, and no requests for documents.

**ARGUMENT**

**I.     Yuengling Should be Permitted to File a Supplemental Brief as *Amicus Curiae***

Yuengling's continued participation as *amicus curiae* will substantially aid this Court in its understanding of the issues that are raised by the proposed Final Judgment.  Yuengling has already raised substantial issues, and this supplemental filing is limited to two new points that are the result of recent developments, and that could not have been presented earlier.

Yuengling's request is timely.  DOJ's new motion was filed March 15, 2018, and this motion has been filed prior to the resolution of DOJ's motion.

## II. The Modified Proposed Final Judgment Would Permit All Provisions Related to Distribution to Expire in Slightly More than 3 Years

The Modified Proposed Final Judgment contains the same weak behavioral restraints on ABI as the original Proposed Final Judgment, but would also permit DOJ to terminate all of the provisions in the Modified Proposed Final Judgment in July 2021, about 3 years from now. This could occur not upon any showing of compliance by ABI with the provisions related to distribution. Rather, the sole trigger would be so long as the divestitures at the manufacturing level are completed. This demonstrates that the focus of DOJ continues to be almost exclusively on the horizontal aspects of the merger (competition between manufacturers), and that it regards the vertical concerns to be of little concern, even though ABI's control of distribution in relevant geographic markets gives it the power to exclude competitors in those markets.

This position is particularly puzzling in view of DOJ's recent warning in a neighboring courtroom that "vertical mergers can harm competition and consumers." *United States of America v. AT&T Inc. et al*, CA No. 1:17-cv-02511 (RJL), Trial Brief of the United States (March 9, 2018), at 11, citing Steven C. Salop, *Invigorating Vertical Merger Enforcement*, 127 YALE L.J. (forthcoming 2018).[1] While the matter pending before this Court does not concern a vertical merger per se, the record is clear that ABI dominates many distributors and thus enjoys substantial market power in the downstream market for distribution. The Modified Proposed Final Judgment does little to address this, and whatever constraints it does impose could expire in July 2021.

In its AT&T Trial Brief, at 13, DOJ has averred that the "present Department of Justice is less interested in entering into consent decrees that require ongoing monitoring of promises to behave – often called 'behavioral decrees.'" DOJ acknowledges these are "usually short-lived, often difficult to administer and risky." *Id*. at 14.

---

[1] A manuscript of this forthcoming article is attached as Exhibit A for the Court's convenience.

3

Apparently trial staff in this case has not gotten the message. Not only is DOJ counting on loosely stated commitments to prevent the exploitation of control over distribution, it is setting itself up for failure by already making exit plans, even before the proposal is approved.

Professor Salop, whose views have been embraced by DOJ in *United States v. AT&T*, notes that when a dominant firm is able to raise its rivals' costs by foreclosing access to downstream distribution, there is a real risk that consumers will be harmed. Salop at 6, citing Thomas G. Krattenmaker & Steven C. Salop, *Anticompetitive Exclusion: Raising Rivals' Costs to Achieve Power over Price*, 96 YALE L.J. 209 (1986). Although DOJ has fully bought into this concern in *United States v. AT&T*, it apparently is blithely unconcerned with this possibility when it comes to beer. Why foreclosure to distribution should not also be a concern in this case, where distribution is highly regulated, and entry is tightly controlled, is worthy of the Court's full consideration.

Of further irony is DOJ's concern expressed in the AT&T case that if AT&T and Comcast become the only major vertically integrated distributors, they would have the ability to coordinate their behavior to restrict output and achieve profits above a competitive level. AT&T Trial Brief, at 40. The Modified Proposed Final Judgment would leave two dominant players at the manufacturing level, ABI and Miller Coors, free to tie up vertical distribution channels devoted to either one or the other, certainly not both, and certainly not with any significant incentive to serve Yuengling or its other smaller rivals.

### III.     The Assertion of an "Extensive Investigation" Is Baseless

The assertion on pp. 16-17 in DOJ's Response to Briefs filed by Amici Curiae that it and the Monitoring Trustee conducted an "extensive investigation" into ABI's use of its match and redirect clause in Mississippi is a gross overstatement. DOJ may have extensively relied upon ABI's self-serving explanation of its contractual rights, but it conducted only cursory telephone interviews with the parties that have been actually and seriously impacted by ABI's anti-

4

competitive behavior. In the face of actual evidence that ABI's use of its match and redirect power disrupted the distribution of another brewer in the State of Mississippi, DOJ requested no documents, but held a brief introductory telephone call with Yuengling in December 2016 and separate calls with Yuengling and the affected distributor in 2017.

DOJ should be required to explain at a hearing to be held by the Court the true extent of its investigation and how the Modified Proposed Final Judgment prevents ABI from further disruption of the market. Yuengling is well aware that the Tunney Act does not necessarily require a hearing. However, this Court has demonstrated a willingness, when substantial issues are raised (such as here), to employ a variety of hearing options that are available to the Court. *See United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1 (D.D.C. 2007).

## CONCLUSION

For the foregoing reasons, the Court should grant Yuengling's request for leave to file this supplemental *amicus curiae* brief for the purposes of opposing DOJ's and ABI's Joint Motion for Entry of Modified Final Judgment. The Court should further consider Yuengling's opposition to that Motion, and the Court should deny the Joint Motion. Further, Yuengling requests further proceedings, including without limitation, a hearing be held to consider the issues presented in this matter.

Dated: May 4, 2018     By: */s/ Edward G. Sponzilli*
                     Edward G. Sponzilli (Bar No. 268409)
                     Norris, McLaughlin & Marcus, P.A.
                     400 Crossing Blvd, 8th Floor
                     Bridgewater, NJ 08807
                     908-722-0700 (phone)
                     908-722-0755 (facsimile)
                     egsponzilli@nmmlaw.com

                     *Attorneys for D.G. Yuengling & Son, Inc.*